FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 8 2020

JAMES W. McCORMACK, CLERK
By:_____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SARA LEWIS**                                                                 PLAINTIFF

vs.                              No. 4:20-cv-948-JM

**TRAILS END RV PARK, INC.,**                              **DEFENDANTS**
**MORGAN MAUMELLE SELF STORAGE, INC.,**
**and EVELYN PHELPS**

This case assigned to District Judge **Moody**
and to Magistrate Judge **Volpe**

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Sara Lewis ("Plaintiff"), by and through her attorneys Thomas Odom and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Trails End RV Park, Inc., Morgan Maumelle Self Storage, Inc., and Evelyn Phelps (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

**I.     JURISDICTION AND VENUE**

1.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff proper overtime compensation for all hours that Plaintiff worked.

2.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendants conduct business within the State of Arkansas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6. The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

7. Plaintiff is an individual and a resident and domiciliary of Pulaski County.

8. Separate Defendant Trails End RV Park, Inc. ("Trails End RV Park"), is a domestic, for-profit corporation.

9. Trails End RV Park's registered agent for service is Evelyn Phelps, at 14223 Strickland Cove, North Little Rock, Arkansas 72118.

10. Separate Defendant Morgan Maumelle Self Storage, Inc. ("MM Self Storage"), is a domestic, for-profit corporation.

11. MM Self Storage's registered agent for service is Evelyn Phelps, at 21107 Highway 365 North, North Little Rock, Arkansas 72113.

12. Separate Defendant Evelyn Phelps ("Phelps") is an individual and resident of Arkansas.

## III. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Phelps is the owner, principal, officer and/or director of Trails End RV Park.

15. Phelps is the owner, principal, officer and/or director of MM Self Storage.

16. Phelps manages and controls the day-to-day operations of Trails End RV Park and MM Self Storage, including but not limited to the decision to not pay Plaintiff for all hours worked, nor a sufficient premium for hours worked in excess of forty (40) per week.

17. Defendants have unified operational control and management, as well as control over Plaintiff, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for Plaintiff through unified management.

18. Upon information and belief, the revenue generated from Trails End RV Park and MM Self Storage was merged and managed in a unified manner.

19. As a result of this unified operation, control and management, through shared ownership with the authority to establish wages and wage policy for Plaintiff, Defendants operated as a single enterprise as to Plaintiff.

20. Trails End RV Park is a park for recreational vehicles (RVs), including bathroom and shower facilities and electrical hookups for RVs.

21. MM Self Storage is a self-storage facility.

22. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

23. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

24. In the course of her work for Defendants, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, all of which were manufactured outside of the State of Arkansas for sale in other states, including the State of Arkansas, and all of which were necessary to the job duties that Plaintiff performed for Defendants.

25. Plaintiff was employed by Defendants from approximately April of 2016 until July of 2020.

26. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and AMWA.

27. At all relevant times herein, Defendants were Plaintiff's "employer" within the meaning of the FLSA and AMWA.

28. Plaintiff worked for Defendants as an on-site manager at Trails End RV Park, as an office manager at MM Self Storage and as a personal assistant for Phelps.

29. As on-site manager, Plaintiff was responsible for checking RVs into the park, collecting rent and answering phone calls.

30. As office manager, Plaintiff was responsible for answering the phone, cleaning the office, taking payments, signing rental contracts, showing storage unites, writing receipts, making bank deposits, running credit cards, and auctioning off units when necessary.

31. As Phelps's personal assistant, Plaintiff was responsible for grocery shopping for Phelps, picking out and sending birthday and Christmas cards to Phelps's children and grandchildren, picking up medication, making dog groomer and vet appointments for Phelps's dogs, and delivering paperwork to Phelps's attorney and lawyer.

32. Defendants paid Plaintiff a set hourly rate multiplied by 40 hours, regardless of how many hours Plaintiff worked.

33. Plaintiff took time off one time during her tenure with Defendants, and Defendants did not pay her for the week she didn't work.

34. When Plaintiff began working for Defendant in 2016, she was paid $9 per hour x 40 hours per week, or $360.00 per week.

35. In or around September of 2018, Defendant gave Plaintiff a raise to $10 per hour x 40 hours per week, or $400.00 per week.

36.     In or around November of 2019, Defendant gave Plaintiff a raise to $11 per hour x 40 hours per week, or $440.00 per week.

37.     Plaintiff rents a cabin from Phelps for $700.00 per month.

38.     The rent is deducted from Plaintiff's paycheck each week ($175 deducted per week).

39.     At all times, Plaintiff was compensated at a rate less than $684.00 per week as required by 29 CFR § 541.600.

40.     Prior to January of 2020, Plaintiff was compensated at a rate less than $455.00 per week.

41.     Plaintiff regularly worked more than forty (40) hours in a week during the relevant time period.

42.     Plaintiff estimates she worked at least sixty (60) hours per week.

43.     Defendants did not pay Plaintiff one and one-half (1.5) her regular rate for all hours worked over forty (40) in a week.

44.     If Defendants purported to classify Plaintiff as a salaried employee and as exempt from the overtime requirements of the FLSA, Defendants did not compensate her at a rate sufficient to satisfy the requirements of 29 CFR § 541.600.

45.     At all relevant times herein, Defendants deprived Plaintiff of lawful overtime compensation for all of the hours she worked over forty (40) per week.

46.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

## IV.   FIRST CAUSE OF ACTION—Violation of the FLSA

47.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49.   At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

50.   At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

52.   Defendants either misclassified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA, or classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

53.   Despite Plaintiff's entitlement to an overtime premium for all hours worked over forty each week, Defendants failed to pay Plaintiff a proper overtime premium for all hours worked over forty each week.

54. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

55. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

56. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this.

## V.  SECOND CAUSE OF ACTION—Claim for Violation of the AMWA

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

59. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

60. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

61.  Defendants either misclassified Plaintiff as a salaried employee, exempt from the overtime requirements of the AMWA, or classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the AMWA.

62.  Despite Plaintiff's entitlement to an overtime premium for all hours worked over forty each week, Defendants failed to pay Plaintiff a proper overtime premium for all hours worked over forty each week

63.  Defendants' failure to pay Plaintiff all overtime wages owed was willful.

64.  By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sara Lewis respectfully prays as follows:

A.  That each Defendant be summoned to appear and answer herein;

B.  Declaratory judgment that Defendants' practices alleged herein violate the FLSA and the AMWA;

C.  Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D.  Judgment for liquidated damages pursuant to the FLSA and AMWA;

E.  For a reasonable attorney's fee, costs, and all interest; and

F.    Such other relief as this Court may deem just and proper.

                              Respectfully submitted,

                              **PLAINTIFF SARA LEWIS**

                              SANFORD LAW FIRM, PLLC
                              ONE FINANCIAL CENTER
                              650 SOUTH SHACKLEFORD, SUITE 411
                              LITTLE ROCK, ARKANSAS 72211
                              TELEPHONE: (501) 221-0088
                              FACSIMILE: (888) 787-2040

                              /s/ Thomas Odom
                              Thomas Odom
                              Ark. Bar No. 2017132
                              thomas@sanfordlawfirm.com

                              /s/ Josh Sanford
                              Josh Sanford
                              Ark. Bar No. 2001037
                              josh@sanfordlawfirm.com